**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BEVERLY HUSTED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-159 |
| | ) | |
| CHATHAM COUNTY, GEORGIA, | ) | |
| and TURE CARLSON, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Attorney Roland Mumford moves to withdraw as counsel for Plaintiff. Doc. 25. Withdrawal of counsel is governed by Local Rule 83.7, which requires an attorney seeking to withdraw from a case to provide notice to his client fourteen days before filing a motion with the Court. S.D. Ga. L.R. 83.7. To ensure that the client is provided with adequate notice, counsel must include with their motion a disclosure that notice was given and "specify the manner of such notice to the client, attaching copy of the notice." *Id.*

Mr. Mumford notified Plaintiff of his intention to withdraw on April 11, 2026. Doc. 25-1. Mr. Mumford represents that Plaintiff does not object to his withdrawal, and that she "has decided to seek new counsel."

Doc. 25 at 1. The Court is satisfied that adequate notice has been provided to the client. Therefore, the motion to withdraw is **GRANTED**. Doc. 25. The Clerk is **DIRECTED** to terminate Mr. Mumford as attorney of record for Plaintiff.

Until another attorney appears on Plaintiff's behalf, she is now proceeding *pro se.* Given Plaintiff's expressed intent to obtain new counsel, prior to filing his motion to withdraw, her now-former counsel filed a Consent Motion to Suspend Deadlines and Stay Proceedings to permit Plaintiff time to obtain new counsel. Doc. 24. It seeks a sixty-day stay of all deadlines "to avoid prejudice to Plaintiff" given the upcoming discovery deadlines. *Id.* at 2. Defendants consent to the request, and so does the now *pro se* Plaintiff. *Id.* at 2.

This Court is vested with broad discretion to stay proceedings, which authority is incidental to its inherent power to control its docket. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances."). Therefore, for good cause shown, the Motion to Stay is **GRANTED**. Doc. 24.

All deadlines in this case are **STAYED** for sixty days to afford Plaintiff time to obtain new counsel. The Clerk is **DIRECTED** to lift the stay either upon the entry of appearance of new Plaintiff's counsel, or on June 26, 2026, whichever is earlier. The parties are **DIRECTED** to confer within 14 days of the stay lifting and to submit a Joint Status Report identifying the discovery completed to date, the discovery remaining, and a proposed schedule for the remainder of this case. If new counsel has not entered an appearance by June 26, 2026, Plaintiff will be proceeding *pro se* and will be obligated to prosecute her case.

**SO ORDERED**, this 28th day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA